UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



UNITED STATES OF AMERICA

CASE NO. 8:16cr365T35TBM

v.

18 U.S.C. § 241
18 U.S.C. § 1001(a)(2)

WILLIAM A. DENNIS, and
THOMAS HERRIS SIGLER, III

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy Against Rights)

#### A. Introduction

At times relevant to this Indictment:

1. The defendant, WILLIAM A. DENNIS, resided in a house on Seward Drive in Port Richey, Pasco County, Florida.

2. The defendant, THOMAS HERRIS SIGLER, III, resided in a house on Seward Drive in Port Richey, Pasco County, Florida.

3. Co-conspirator Pascual Carlos Pietri, also known as "Pete," resided in a house with THOMAS HERRIS SIGLER, III on Seward Drive in Port Richey, Pasco County, Florida.

4. Co-conspirator J.S. resided in a house on Seward Drive in Port Richey, Pasco County, Florida.

5. D.M. was a black male residing in a house on Seward Drive in Port Richey, Pasco County, Florida, with K.L, a white woman.

## B. The Conspiracy

6. Beginning on an unknown date, but at least as early as in or about September 2012, and continuing through at least in or about November 2012, in Pasco County, in the Middle District of Florida, the defendants herein,

**WILLIAM A. DENNIS**
and
**THOMAS HERRIS SIGLER, III,**

did knowingly and willfully conspire, combine, and agree with each other and other persons known and unknown to the Grand Jury, including, but not limited to, Pascual Carlos Pietri and J.S., to injure, oppress, threaten, and intimidate any person, in particular, D.M. and K.L., in the free exercise and enjoyment of any right and privilege secured to said persons by the Constitution and laws of the United States, that is, the right to rent, hold, and occupy a dwelling free from injury, intimidation, and interference because of race and color, and to afford another the opportunity to do the same.

## C. Manner and Means

7. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

   a. It was a part of the conspiracy that the conspirators would and did create a racially hostile environment on Seward Drive;

   b. It was further a part of the conspiracy that the conspirators would and did injure, harass, threaten, and intimidate D.M. and K.L. by using racial slurs when speaking to and about D.M. and K.L.;

2

    c.    It was further a part of the conspiracy that the conspirators would and did threaten and intimidate D.M. and K.L. by expressing their intent to physically harm D.M.;

    d.    It was further a part of the conspiracy that a conspirator would and did injure, threaten, and intimidate D.M. and K.L. by physically attacking D.M.;

    e.    It was further a part of the conspiracy that the conspirators, in an effort to intimidate and interfere with D.M.'s and K.L.'s occupancy and enjoyment of their dwelling, would and did burn a wooden cross in the front yard of the dwelling occupied by D.M. and K.L.; and

    f.    It was further a part of the conspiracy that the conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

### D. Overt Acts

8.    In furtherance of the conspiracy, and to accomplish the goals, purposes, and objectives of the conspiracy, the defendants, WILLIAM A. DENNIS and THOMAS HERRIS SIGLER, III, and their co-conspirators, committed and caused to be committed overt acts in the Middle District of Florida, including, but not limited to, the following:

    a.    Between in or about September 2012 and in or about November 2012, the defendants used racial slurs when speaking to and about

D.M. and K.L.;

  b. In or about September 2012, THOMAS HERRIS SIGLER, III displayed a handgun and, referring to D.M., announced to a neighbor that he was going to "shoot the nigger in the face";

  c. On or about October 10, 2012, THOMAS HERRIS SIGLER, III, yelled racial slurs at D.M.;

  d. On or about October 10, 2012, THOMAS HERRIS SIGLER, III punched D.M. in the face;

  e. On or about October 10, 2012, WILLIAM A. DENNIS told a neighbor to "mind [his] own fucking business" when that neighbor tried to stop THOMAS HERRIS SIGLER, III's physical attack on D.M.;

  f. On or about October 31, 2012, THOMAS HERRIS SIGLER, III, drew a handgun from his vehicle and announced that "something [was] going to happen tonight," in reference to D.M.;

  g. On or about October 31, 2012, WILLIAM A. DENNIS and THOMAS HERRIS SIGLER, III used racial slurs when speaking about D.M.;

  h. On or about October 31, 2012, the conspirators obtained wood from co-conspirator J.S.'s residence to construct a wooden cross;

  i. On or about October 31, 2012, the conspirators constructed a wooden cross at co-conspirator J.S.'s residence;

  j. On or about October 31, 2012, the conspirators obtained a flammable liquid and poured the liquid on the wooden cross at J.S.'s residence;

k.  On or about October 31, 2012, the conspirators transported the wooden cross to the front yard of D.M.'s and K.L.'s residence on Seward Drive in Port Richey, Pasco County, Florida;

l.  On or about October 31, 2012, the conspirators placed the wooden cross in a standing, upright position against D.M.'s and K.L.'s mailbox, located on their property and in front of their residence; and

m.  On or about October 31, 2012, the conspirators set the wooden cross on fire.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO
### (False Statements to a Federal Law Enforcement Officer)

On or about March 27, 2014, in Pasco County, in the Middle District of Florida, the defendant herein,

WILLIAM A. DENNIS,

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the defendant falsely stated and represented to a Special Agent of the Federal Bureau of Investigation, during the course of its investigation into conspiracy against rights that:

(1)  on October 31, 2012, the defendant and his sister spent the afternoon and evening away from Seward Drive and returned to the defendant's house on Seward Drive around midnight;

5

(2) a neighbor of the defendant informed the defendant that a cross had been burned in D.M.'s yard and that the defendant had "missed all the action";

(3) the defendant did not see the burning cross; and

(4) the defendant did not know anything about the cross burning until he heard about it after arriving home around midnight;

when in truth and in fact, the defendant spent his evening on October 31, 2012, at a Halloween party at J.S.'s house on Seward Drive located across the street from where the cross was burned; the defendant interacted with Thomas Herris Sigler, III, J.S., and Pascual Carlos Pietri during the Halloween party; and the defendant watched the cross burn from his property on Seward Drive.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
JOSEPHINE W. THOMAS
Assistant United States Attorney

By: _____
SIMON A. GAUGUSH
Assistant United States Attorney
Chief, Major Crimes Section

T:\_Cases\Criminal Cases\D\Dennis, William_2016R00738_JWT\p_Indictment (Dennis and Sigler)_FINAL.docx

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

WILLIAM A. DENNIS and
THOMAS HERRIS SIGLER, III

## INDICTMENT

Violations:

18 U.S.C. §§ 241, 1001

A true bill,

_____
Foreperson

Filed in open court this 16th day

of August 2016.

_____
Clerk

Bail $_____

GPO 863 525