UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:16-cr-365-T-35TBM

THOMAS HERRIS SIGLER, III

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida,

and Tom Wheeler, Acting Assistant Attorney General for the United States

Department of Justice Civil Rights Division, and the defendant, THOMAS

HERRIS SIGLER, III, and the attorney for the defendant, Daniel M.

Hernandez, Esq., mutually agree as follows:

**A.   Particularized Terms**

1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with conspiracy against rights,

in violation of 18 U.S.C. § 241.

2.   Maximum Penalties

Count One is punishable by a maximum term of imprisonment

of ten (10) years, a fine of up to $250,000, up to three (3) years of supervised

Defendant's Initials _TS_                    1

release, and a special assessment of $100.00 due at sentencing.  With respect
to certain offenses, the Court shall order the defendant to make restitution to
any victim of the offense(s), and with respect to other offense(s), the Court
may order the defendant to make restitution to any victim of the offense(s), or
to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and
elements of the offense(s) with which defendant has been charged and to
which defendant is pleading guilty.

The elements of Count One are:

First:     there was a conspiracy or agreement between
two or more persons that the defendant
knowingly joined, intending to accomplish its
purpose;

Second:    the purpose of the conspiracy or agreement was
to injure, oppress, threaten, or intimidate a
person in the free exercise and enjoyment of a
right protected by the Constitution and laws of
the United States, including the right to own,
rent, or occupy a dwelling free from threats and
intimidation; and

Third:     the planned interference with the protected right
was willful.

Defendant's Initials *T.S.*                2

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the Civil Rights Division agree not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office and the Civil Rights Division at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6.    Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted,

Defendant's Initials _TS_ ·                    3

the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    7.    Cooperation - Substantial Assistance to be Considered

        Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the

Defendant's Initials _T S_                     4

imposition of a sentence below a statutory minimum, if any, pursuant to 18

U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida and

the Civil Rights Division, and the defendant agrees that defendant cannot and

will not challenge that determination, whether by appeal, collateral attack, or

otherwise.

      8.    Use of Information - Section 1B1.8

      Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG §1B1.8(b).

9.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Defendant's Initials J̲.S̲            6

may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant

Defendant's Initials _T.S_ ⸱          7

agrees to waive the statute of limitations and any speedy trial claims as to any
such offenses.

           (4)      The government may use against the defendant the
defendant's own admissions and statements and the information and books,
papers, documents, and objects that the defendant has furnished in the course
of the defendant's cooperation with the government.

           (5)      The defendant will not be permitted to withdraw the
guilty pleas to those counts to which defendant hereby agrees to plead in the
instant case but, in that event, defendant will be entitled to the sentencing
limitations, if any, set forth in this plea agreement, with regard to those counts
to which the defendant has pled; or in the alternative, at the option of the
United States, the United States may move the Court to declare this entire
plea agreement null and void.

**B.**    **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution
to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

Defendant's Initials _T.S._         8

3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _T.S._ 9

3.   <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials __T.S.__,                    11

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    Defendant's Waiver of Right to Appeal the Sentence

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials _T·S·_        12

that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

<u>determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida and Civil Rights Division Agreement</u>

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and the

United States Department of Justice Civil Rights Division, and cannot bind

other federal, state, or local prosecuting authorities, although these offices will

bring defendant's cooperation, if any, to the attention of other prosecuting

officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or

<u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials  _T̄ꞓ S._        13

10.   Voluntariness

The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon
any discussions between the attorney for the government and the defendant
and defendant's attorney and without promise of benefit of any kind (other
than the concessions contained herein), and without threats, force,
intimidation, or coercion of any kind.  The defendant further acknowledges
defendant's understanding of the nature of the offense or offenses to which
defendant is pleading guilty and the elements thereof, including the penalties
provided by law, and defendant's complete satisfaction with the representation
and advice received from defendant's undersigned counsel (if any).  The
defendant also understands that defendant has the right to plead not guilty or
to persist in that plea if it has already been made, and that defendant has the
right to be tried by a jury with the assistance of counsel, the right to confront
and cross-examine the witnesses against defendant, the right against
compulsory self-incrimination, and the right to compulsory process for the
attendance of witnesses to testify in defendant's defense; but, by pleading
guilty, defendant waives or gives up those rights and there will be no trial.
The defendant further understands that if defendant pleads guilty, the Court
may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.    Factual Basis

      Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

      From at least as early as in or around August 2012 and continuing through at least in or around January 2013, the defendant, Thomas Herris Sigler, III, a white man, was living in a house on Seward Drive in Port Richey, Florida, within the Middle District of Florida.  Other individuals residing on Seward Drive included co-conspirators William A. Dennis ("Dennis") and J.S., both of whom are also white men. The neighborhood was a predominantly white community.

Defendant's Initials _T. S._ ,        15

On September 1, 2012, K.L., a white woman, entered into a lease agreement to rent a house located at 7209 Seward Drive, next door to the defendant's residence. At that time, K.L. was dating D.M., a black man, who lived on a street within a short walking distance of Seward Drive. On account of their relationship, D.M. frequently visited and stayed over at K.L.'s house on Seward Drive. Almost immediately, K.L. and D.M. began experiencing aggressive behavior and harassment from certain neighbors, including the defendant, Dennis, and J.S. For example, the defendant and Dennis frequently yelled racial slurs and derogatory statements at D.M. such as "fuck you nigger" and "I'm gonna get you nigger." This harassment escalated on October 10, 2012, when the defendant physically attacked D.M. while D.M. was walking on Seward Drive; Dennis watched and encouraged the attack. Due to the constant harassment and concern for K.L.'s safety, D.M. moved into 7209 Seward Drive.

By October 31, 2012, co-conspirator Pascual Carlos Pietri ("Pietri") was living with the defendant on Seward Drive. On the morning of October 31, the defendant told neighbors, including Dennis, that he was "tired of that nigger," referring to D.M., and that "something is gonna happen tonight." Dennis responded to the defendant's threats by trying to agitate him into action. While making these remarks about D.M., the

Defendant's Initials _Tc S_,                    16

defendant pulled a pistol from a vehicle in his driveway and held it up, saying words to the effect that he was going to "get him," referring to D.M. The defendant then put the pistol back in the vehicle and drove off.

In the evening of October 31, 2012, co-conspirator J.S. hosted a Halloween party at his residence on Seward Drive. The defendant, Dennis, Pietri, and other neighborhood residents attended the party. While at the party, the defendant and Dennis talked about D.M., calling D.M. a "nigger," and proposed a plan to "burn a cross on this nigger's property." The defendant asked J.S. for wood. J.S. agreed and walked the defendant through J.S.'s backyard, where the defendant and J.S. retrieved several pieces of wood from J.S.'s wood pile and carried them to J.S.'s side yard. In the side yard, the defendant and Dennis used the wood to build a cross, using nails and tools obtained from J.S. After the cross was completed, Dennis retrieved gasoline from J.S. and poured it on the cross. Dennis instructed Pietri to help him transport the cross to the front yard of K.L.'s and D.M.'s property. Dennis and Pietri then carried the cross across the street to K.L.'s and D.M.'s property and leaned it upright against K.L.'s and D.M.'s mailbox. Dennis then instructed Pietri to light the cross on fire, which Pietri did.

Defendant's Initials __*T.S.*__,          17

At the time of his participation in the conspiracy, the defendant knew that, historically, burning crosses has served to intimidate and threaten black persons. Moreover, the defendant knew that the purpose of the racial slurs aimed at D.M., the physical attack on D.M., the threats to D.M.'s safety, and the building and burning of the cross in K.L.'s and D.M.'s front yard was because the co-conspirators did not want D.M. living in the neighborhood because D.M. was black.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _T. S._        18

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this 7th day of March, 2017.

A. LEE BENTLEY, III
United States Attorney

TOM WHEELER
Acting Assistant Attorney General
Civil Rights Division

THOMAS HERRIS SIGLER, III
Defendant

JOSEPHINE W. THOMAS
Assistant United States Attorney

DANIEL M. HERNANDEZ, ESQ
Attorney for Defendant

WILLIAM E. NOLAN
Trial Attorney
Civil Rights Division

SIMON A. GAUGUSH
Assistant United States Attorney
Chief, Economic Crimes Section