**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,                    CASE NO: 8:16-cr-365-T35-TBM
          Plaintiff,
vs.

THOMAS HERRIS SIGLER, III
          Defendant.
_____/

**SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE**

COMES NOW the Defendant, Thomas Herris Sigler, III, by and through his undersigned counsel, and submits this Sentencing Memorandum and Motion for Departure Sentence, and in support thereof states as follows:

**I.   Introduction:**

Thomas Herris Sigler, III is a 46 year old man who has plead guilty to one count of Conspiracy Against Rights. Mr. Sigler has accepted responsibility for his actions and apologizes to the victims, this Court and his family for placing himself in the position in which he currently finds himself. Mr. Sigler, through his undersigned counsel, submits the following sentencing memorandum to assist the Court in fashioning a reasonable and appropriate sentence that is "sufficient, but not greater than necessary, to accomplish the purposes of sentencing." 18 U.S.C. § 3553(a) ("§ (a)"). A sentence of probation with a condition of community service and enrollment and completion of diversity classes is appropriate in this case for many reasons: (1) Mr. Sigler suffers from depression, high blood pressure and high cholesterol; (2) Mr. Sigler's has no prior record of engaging in this kind of behavior; (3) cooperated in this case; (4) imprisoning Mr. Sigler is not necessary to protect the public.

**II.   OFFENSE SUMMARY**

Mr. Sigler stipulates to the facts as presented in his plea agreement, as well as outlined in the PSR with the exception of Page 5, #8 of the PSI that he did not pull a pistol saying he was going to get the victim. This objection was already submitted in a letter to US Probation dated May 25, 2017.

**III.   SUMMARY OF DEFENDANT'S PERSONAL HISTORY/ CHARACTERISTICS**

More details are provided in the PSI but Mr. Sigler is a 46 year old man who had an extremely difficult childhood. His father was a member of the Diablos Motor Cycle Club. His family home was the motorcycle clubhouse. As a 10 year old he was forced to commit sex acts on a 6 year old who was the

1

daughter of another motorcycle club member. Mr. Sigler has a history of depression with suicidal thoughts. He was Baker Acted as an adult but never given follow-up treatment. Moreover, he has a history of substance abuse (alcohol and drugs) and suffers from high blood pressure and high cholesterol.

## IV. GUIDELINE CALCULATIONS

Mr. Sigler's total adjusted offense level is 13 and his criminal history category is VI, his advisory guideline sentence is 33-41 months. The Government is filing a 5K1.1 motion due to Mr. Sigler providing substantial assistance in this case. For all of the reasons stated earlier, a supervision sentence is sufficient and not greater than necessary to achieve the goals of sentencing.

## V. DOWNWARD VARIANCE

A consideration of the factors listed in 18 U.S.C.A. 3553 also justify a downward variance in this matter.

**18 U.S.C.A. 3553 Sentencing Factors**

With the United States Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), and the consequent relegation of the Guidelines to an advisory - and no longer mandatory- status, the ability of sentencing courts to use their own independent reasoning, judgment, reflection, and consideration of all facts and circumstances underlying the offense conduct has been restored. Thus, rather than being wholly constrained by the guidelines, Booker effectively modifies the Sentencing Reform Act of 1984 to require sentencing courts to:

...consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to  tailor the sentence in light of other statutory concerns as well.
See Booker, 543 U.S. at 246.

United States District Courts are now permitted to issue sentences based upon each courts' review and assessment of numerous factors including, inter alia, the nature of the offense conducted, the purpose for the sentence to be imposed, the types of sentences available, the appropriateness of a particular sentence, the character of the defendant, and other important considerations. Statutorily, these factors are set forth in Title 18 United States Code, Section 3553. Thus, as discussed in more detail infra., a sentencing court must now consider not only the Sentencing Guidelines, but all factors contained in Section 3553 to determine a sentence that is "sufficient but not greater" than necessary to meet the goals of sentencing. Id.

Title 18 United States Code, Section 3553 provides the following:

**18 U.S.C. §3553 Imposition of a Sentence**

(a) Factors To Be Considered in Imposing a Sentence – The court **shall impose a sentence sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1) the **nature and circumstances of the offense and the history and of the defendant**.

(2) the **need for the sentence imposed**

(A) to **reflect the seriousness of the offense, to promote respect for the law,** and to **provide just punishment for the offense;**

(B) to **afford adequate deterrence to criminal conduct**;

(C) to **protect the public** from further crimes of the defendant; and\

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28 U.S.C., and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to Section 994(a)(3) of Title 28, U.S.C.;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with records who have been found guilty of similar conduct, and

(7) the need to provide restitution to any victims of the offense.

Mr. Sigler respectfully submits that when this Court considers Mr. Sigler's history and characteristics, and the sentencing options that this Honorable Court will find that a sentence of probation is sufficient to accomplish the goals of sentencing. An incarcerative sentence is not necessary to accomplish the goals of sentencing. Mr. Sigler would highlight the following factors as justifying a downward departure sentence:

**2 a. The seriousness of the offense and the history and characteristics of the defendant**

There is no question that this is a serious offense from both a legal and moral perspective. However, Mr. Sigler is forty-six years old, with health problems. He had a difficult childhood, no history of committing this kind of crime, and maintains positive relationships with family and friends. Additionally, Mr. Sigler would rely upon his history as outlined in section III above. **b and c. The need for deterrence and to protect the public**

Mr. Sigler is truly remorseful for his criminal conduct. He quickly pled guilty and accepted responsibility for his actions. Additionally, he provided substantial assistance in this case. A probation sentence with community service work will serve to punish him and will also serve as deterrence to others who might wish to commit similar crimes.

**d. Provide the defendant with needed medical/mental case and drug rehabilitation.**

As indicated above, Mr. Sigler suffers from depression with suicidal thoughts. After being Baker Acted, he received no follow-up treatment. He also has a history of substance abuse in addition to some health problems. He could greatly benefit from programs that address his various issues.

All of the goals of sentencing can be achieved through a probationary sentence and will assist Mr. Sigler to learn from his mistakes and to contribute to society through the performance of community service work.

## VI. CONCLUSION

For all of the reasons stated above this Court should grant Mr. Sigler's request for a downward departure and sentence him to a supervisory sentence in light of the isolated nature of the offense, his medical and mental conditions, his history and characteristics, which indicate that such a sentence will adequately punish him, deter others, and not be greater than necessary.

Respectfully submitted,

*/s/ Daniel M. Hernandez, Esquire*
Daniel M. Hernandez, Esquire
*Attorney for Thomas Herris Sigler, III*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Daniel M. Hernandez
Daniel M. Hernandez, PA
Daniel M. Hernandez
902 N Armenia Avenue
Tampa, FL 33609
Dmhernandezlaw51@gmail.com
813-875-9694
Attorney for Thomas Herris Sigler, III